Anthony V. Diosdi (SBN 339070)
(adiosdi@sftaxcounsel.com)
Diosdi & Liu, LLP
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone:  (415) 391-3990
Facsimile:  (415) 335-7922

Attorney for Plaintiff
Nishanth Mohan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **NISHANTH MOHAN,** | Case No. 3:25-cv-9691 |
| Plaintiff, | |
| v. | **COMPLAINT FOR REFUND OF FEDERAL PENALTY PAID** |
| **INTERNAL REVENUE SERVICE;** | |
| **UNITED STATES OF AMERICA,** | |
| Defendants. | |

Plaintiff, NISHANTH MOHAN, by and through his attorney, Anthony V.

Diosdi, for his Complaint against Defendants, the Internal Revenue Service and

United States of America, alleges as follows:

## NATURE OF THE CASE

1.    This is an action brought by Plaintiff for refund of a penalty and for declaratory judgment. Plaintiff is an individual who received foreign gifts in an amount that exceeded $100,000. The Plaintiff only became aware of his obligation to file Form 3520 for his foreign bequest after the due date for filing the Form 3520 for the 2019 tax year had passed. As soon as Plaintiff became aware of his Form 3520 filing obligation, he immediately disclosed his foreign bequest on Form 3520 for the 2019 tax year. When the Internal Revenue Service ("IRS") received Plaintiff's 2019 Form 3520, it automatically assessed a Section 6039F penalty against Plaintiff.

2.    The Plaintiff seeks a refund of the Section 6039F penalty erroneously assessed against him.

3.    The Plaintiff seeks declaratory judgment ordering that the IRS violated the Due Process Clause of the Fifth Amendment of the Constitution, the Seventh Amendment of the Constitution, the Eighth Amendment of the Constitution, and the Administrative Procedure Act ("APA").

4.    The Plaintiff seeks a declaratory judgment to void the Section 6039F penalty assessed against him for the 2019 calendar year.

## **JURISDICTION AND VENUE**

5.      This Court has jurisdiction under 28 U.S.C. Section 1346(a).

6.      This Court has federal question jurisdiction under 28 U.S.C. Section 1331, and this Court has authority to grant relief requested under 5 U.S.C. Sections 702-706 and 28 U.S.C. Sections 2201, 2202.

7.      Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. Section 1391(e)(1) because a substantial part of the events giving rise to the claim against the United States occurred in this district, and because Plaintiff resides in this district.

8.      The United States waived sovereign immunity under 5 U.S.C. Section 702.

9.      The Anti-injunction Act does not bar this action.

## **PARTIES**

10.      Plaintiff, Nishanth Mohan, is an individual residing in Santa Clara County of the State of California.

11.      Defendant, Internal Revenue Service, is an executory agency of the United States within the meaning of the APA, 5 U.S.C. Sections 551 and 701, and a bureau of the United States Department of Treasury.

12. Defendant, United States of America, is the federal government formed under the Constitution of the United States of America.

## GENERAL ALLEGATIONS

**The IRS Exceeded Its Authority to Assess and Collect the Penalty**

13.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14.    Section 1905 of the 1996 Tax Act created reporting requirements under Section 6039F of the Internal Revenue Code for U.S. persons (other than certain exempt organizations) that receive large gifts (including bequests) from foreign persons. The information reporting provisions require U.S. donees to provide information concerning the receipt of large amounts that the donees treat as foreign gifts, giving the IRS an opportunity to review the characterization of these payments and determine whether they are properly treated as gifts.

15.    U.S. donees are currently required to report certain information about such foreign gifts on Part IV of Form 3520.

16.    Section 6039F(b) of the Internal Revenue Code ("IRC") generally defines the term "foreign gift" as any amount received from a person other than a U.S. person that the recipient treats as a gift or bequest.

17.    Under IRC Sections 6039F(a) and (b), reporting is required for aggregate foreign gifts in excess of $100,000 during a taxable year. Once the $100,000 threshold has been met, the U.S. donee is required to file a Form 3520 with the IRS.

18.    IRC Section 6039F(c) provides that if a U.S. person fails, without reasonable cause, to report a foreign gift as requested by IRC Section 6039F, the (1) the tax consequences of the receipt of the gift will be determined by the Secretary and (2) the U.S. person will be subject to a penalty equal to 5% of the amount for the gift for each month for the failure to report the foreign gift continues, with the total penalty not to exceed 25% of such amount.

19.    Originally, penalties associated with Form 3520 were assessed manually on individuals and entities who missed filing deadlines and were discovered during an audit.

20.    Several years ago, the IRS began a systematic assessment of IRC Section 6039F penalties associated with the late filing of Form 3520s. The systematic assessment of IRC Section 6039F penalties is controversial. Many U.S. donees are unaware of their Form 3520 reporting obligation and learn of their filing obligation after the due date of the filing obligation has already passed. Many of these same U.S. donees often try to comply with their Form 3520 filing requirement late. The IRS typically rewards these U.S. donees "trying to do the right thing" by automatically assessing the maximum IRC Section 6039F penalty against them.

21.    The IRS treats IRC Section 6039F penalties as summarily assessable, as they are not subject to deficiency procedures, wherein taxpayers receive a notice of deficiency alerting them of the potential assessment and explaining the

taxpayer's options for contesting or complying with the penalty assessment. The notice of deficiency also informs taxpayers of the last day to petition the United States Tax Court for pre-assessment and prepayment judicial review.

22.    Summarily assessable penalties are primarily found in IRC Sections 6671 through 6720C, Chapter 68, Subchapter B of the Internal Revenue Code titled "Assessable Penalties." The IRS has taken the position that it is authorized to assess and collect assessable penalties "in the same manner as taxes" without sending the taxpayer a notice of deficiency. Summary assessments are made without the issuance of a notice of deficiency and "shall be paid upon notice and demand and collected in the same manner as taxes."

**Overview of Plaintiff's Facts**

23.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.    The Plaintiff received a large foreign gift during the 2019 calendar year.

25.    The Plaintiff utilized TurboTax, a popular and trusted tax preparation software to prepare his 2019 tax returns. TurboTax failed to advise the Plaintiff of his obligation to timely disclose the foreign gift received on a Form 3520.

26.    The Plaintiff was informed of his need to file Form 3520 for the 2019 tax year on or around December 2020. As soon as the Plaintiff became aware of the

need to file a Form 3520 for the 2019 calendar year, the Plaintiff immediately retained the services of a Certified Public Accountant ("CPA") and filed a Form 3520 for the 2019 Calendar year with the IRS.

27.    Shortly after the IRS received the Plaintiff's 2019 Form 3520, the IRS automatically assessed the maximum Section 6039F penalty against the Plaintiff.

**The IRS Exceeded Its Authority to Assess and Collect the 2019 Section 6039F Penalty**

28.    Plaintiff realleges and incorporates by reference the following paragraphs as if fully set forth herein.

29.    Section 6671(a) of the Internal Revenue Code provides that the Secretary of the Treasury shall assess and collect the penalties and liabilities provided by Subchapter B of Chapter 68 of the Internal Revenue Code ("Chapter 68B") "in the same manner as taxes." Chapter 68B penalties are generally assessable penalties that the IRS can immediately assess and collect without benefit of deficiency procedures.

30.    The requirement that U.S. donees of large foreign gifts or bequests file informational returns via Form 3520 is set forth in Section 6039F of the Internal Revenue Code. The failure to timely file Form 3520 in connection with the receipt of any such large foreign gift or bequest is provided in subsection (c) of Section 6039F.

31.    Section 6039F, however, appears in Chapter 61 and not in Chapter 68 of the Internal Revenue Code. The penalty in subsection (c) thereof does not provide that the Secretary of the Treasury is to assess and collect the penalty in the same manner as a tax or an assessable penalty. Section 6039F also does not contain any cross-reference to another section in Chapter 68 for provisions relating to the applicable penalty arising from the failure to comply with Section 6039F's reporting requirement. Similarly, there is no section in Chapter 68 (i.e., Sections 6651–6751) that provides or imposes any penalty with respect to the failure to comply with Section 6039F's reporting requirement..

32.    Accordingly, the Section 6039F(c) penalty imposed on Plaintiff for failing to file Form 3520 is not an "assessable penalty" under the Internal Revenue Code and, in particular, is not an "assessable penalty" provided by Chapter 68B.

33.    Since the 6039F(c) penalty is not an assessable penalty, the assessment authority granted to the Secretary of the Treasury under Section 6201(a) of the Internal Revenue Code with respect to all taxes (including interest, additional amounts, additions to tax, and assessable penalties) does not extend to and include the Section 6039F(c) penalty.

34.    The IRS is the delegate of the rights and powers of the Secretary of the Treasury under Sections 6201 and 6671. As such, the IRS lacks the statutory

authority to assess and administratively collect the Section 6039F(c) penalty imposed on Plaintiff for not timely filing Form 3520 for the 2019 tax year.

35.     Defendants exceeded their statutory authority in assessing and collecting the Section 6039F(c) penalty against Plaintiff.

**The IRS Exceeded its Lien and Levy Collection Authority**

36.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.     The federal tax lien imposed by Section 6321 of the Internal Revenue Code arises only when a "person [who is] liable to pay any tax neglects or refuses to pay the same after demand." The IRS is also authorized by Section 6331(a) of the Internal Revenue Code to levy against assets of any person who is "liable to pay any tax [and] neglects or refuses to pay the same within 10 days after notice and demand."

38.     Since the Section 6039F(c) penalty for failing to timely file Form 3520 is neither a tax nor an assessable penalty under the Internal Revenue Code, neither the Secretary of the Treasury, nor its delegate, the IRS, has the authority under Section 6201(a) to file tax liens or levy assets in order to collect the Section 6039F(c) penalty.

39.     Defendants exceeded their statutory authority in assessing and collecting the Section 6039F(c) penalty against Plaintiff.

40.     Since the Defendants exceeded their statutory authority in assessing the Section 6039F penalty for the 2019 calendar year, the Plaintiff is entitled to refund of the entire Section 6039F penalty assessment.

**The IRS Failed to Comply With Section 6751(b)(1)**

41.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42.     Section 6751(b) of Internal Revenue Code provides that the IRS may not assess certain penalties such as Section 6039F penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher official as the Secretary may designate."

43.     Defendants failed to comply with the supervisory approval requirement of 6751(b)(1) when it assessed the Section 6039F penalty against the Plaintiff.

44.     Since Defendants failed to comply with Section 6751(b)(1) in assessing the Section 6039F penalty for the 2019 calendar year, the Plaintiff is entitled to a refund of the entire Section 6039F penalty assessment for the 2019 calendar year.

**The IRS Failed to Comply With Section 6751(a)**

45.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

46.    Internal Revenue Code Section 6751(a) requires each notice of a penalty issued by the IRS to state the name of the penalty, the Section of the Internal Revenue Code under which the penalty is imposed, and a computation of the penalty.

47.    The IRS violated Section 6751(a) by not providing the Plaintiff with a computation as to how it computed the Section 6039F penalty; the Plaintiff could not determine if the Section 6039F penalty was correctly computed.

48.    Since Defendants failed to comply with Section 6751(b)(1) in assessing the Section 6039F penalty for the 2019 calendar year, the Plaintiff is entitled to a refund of the entire Section 6039F penalty assessment for the 2019 calendar year.

**Reasonable Cause Exception to Section 6039F**

49.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

50.    The Plaintiff filed his individual income tax return for the 2019 tax year using TurboTax and relied on its guidance. TurboTax is a popular tax software used by non-tax professionals. TurboTax has partnered with the IRS for free file programs for a number of years.

51.    The Plaintiff timely filed his 2019 income tax return. In January of 2021, upon learning the obligation to file a Form 3520 he had with the IRS, the Plaintiff immediately filed a Form 3520 with the Internal Revenue Service for the 2019 tax year.

52.    Section 1905 of the 1996 Tax Act created reporting requirements under Section 6039F of the Internal Revenue Code for U.S. persons (other than certain exempt organizations) that receive large gifts (including bequests) from foreign persons. The information reporting provisions require U.S. donees to provide information concerning the receipt of large amounts that the donee treat as foreign gifts, giving the IRS an opportunity to review the characterization of these payments and determine whether they are properly treated as gifts.

53.    U.S. donees are currently required to report certain information about such foreign gifts on Part IV of Form 3520.

54.    Under Sections 6039F(a) and (b), reporting is required for aggregate foreign gifts in excess of $100,000 during a taxable year. Once the $100,000 threshold has been met, the U.S. donee is required to file a Form 3520 with the IRS.

55.    Section 6039F(c) provides that if a U.S. person fails, without reasonable cause, to report a foreign gift as requested by Section 6039F, the (1) the tax consequences of the receipt of the gift will be determined by the Secretary and (2) the U.S. person will be subject to a penalty equal to 5% of the amount for the

gift for each month for the failure to report the foreign gift continues, with the total penalty not to exceed 25% of such amount.

56.     Originally, penalties associated with Form 3520 were assessed manually on individuals and entities who missed filing deadlines and were discovered during an audit.

57.     Several years ago, the IRS began a systematic assessment of Section 6039F penalties associated with the late filing of Form 3520s. The systematic assessment of Section 6039F penalties is controversial. Many U.S. donees are unaware of their Form 3520 reporting obligation and learn of their filing obligation after the due date of the filing obligation has already passed. Many of these same U.S. donees often try to comply with their Form 3520 filing requirement late. The IRS typically rewards these U.S. donees "trying to do the right thing" by automatically assessing the maximum Section 6039F penalty against them.

58.     On or about April 4, 2024, the IRS automatically assessed against Plaintiff a penalty in the amount of $125,000 pursuant to Section 6039F of the Internal Revenue Code for failing to timely disclose the 2019 foreign gifts on Form 3520. That figure represented the highest possible penalty amount, which was 25 percent of the gifts the Plaintiff received in 2019.

59.    The IRS has authority to waive the penalty if the individual that was assessed the penalty can demonstrate that the violation was due to reasonable cause. *See* IRC Section 6039F(c)(2).

60.    "Reasonable Cause" is nowhere defined in Section 6039F or in regulations interpreting it. That phrase, however, appears repeatedly in statutes governing the IRS's tax assessment role. For example, 26 U.S.C. Section 6664(c)(1) prohibits penalties for any portion of an underpayment of tax "if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." Another statute, applicable to foreign trusts, prohibits penalties for "any failure which is shown to be due to reasonable cause and not due to willful neglect." *See* 26 U.S.C. Section 6677(d). The statute which is analogous in this case is 26 U.S.C. Section 6651(a)(1). In that statute, Congress prohibited monthly penalties for failing to file tax returns where "such failure is due to reasonable cause and not due to willful neglect."

61.    In 1985, the Supreme Court noted that the meaning of the terms "reasonable cause" and "willful neglect" 'ha[d] become clear over the near-70 years of their presence in the statutes." *See United States v. Boyle*, 469 U.S. 241, 246 (1985). It also noted that the regulations defined "reasonable cause" for purposes of Section 6651(a)(1). The relevant Treasury Regulation calls on the taxpayer to demonstrate that he/she exercised "ordinary business care and

14

prudence" but nevertheless was "unable to file the return within the prescribed time."

62.     There  is no reason to believe that Congress intended the meaning of "reasonable cause" in a Section 6039F penalty case to differ from the meaning ascribed to it in tax statutes.

63.     Reliance on the advice of a tax professional may constitute reasonable cause and good faith, if under all the facts and circumstances, the reliance is reasonable and in good faith. The United States Supreme Court has stated: "When an accountant … *advises* a taxpayer on a matter of tax law, such as whether liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern errors in the substantive advice of an accountant…. To require the taxpayer to challenge [or] seek a 'second opinion,' or to try to monitor [the accountant] on the provisions of the [Internal Revenue] Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place…. 'Ordinary business care and prudence' do not demand such actions." *United States v. Boyle*, 469 U.S. at 251.

64.     In *Congdon v. U.S.,* 108 AFTR 2d 2011-6343 (E.D. Texas, 2011), the court recognized the complexity of foreign information filing and ruled that although ignorance of the law alone is not sufficient to constitute reasonable cause, the complexity of the area of law may be considered in determining reasonable

cause. In *Congdon*, the court did recognize the complexity and obscurity of international information filings when assessing whether ordinary business care and prudence standards were followed by a taxpayer.

65.    The Plaintiff did not imagine he had an obligation to inform the IRS of the foreign gifts that he received.

66.    These facts and circumstances, namely the complexity and obscurity of the informational filing requirements, as held in *Congdon*, establish reasonable cause. It is not unreasonable or imprudent for an individual who receives foreign gifts to believe that they would not be subject to U.S. reporting requirements on an information return.

67.    The Plaintiff reasonably and in good faith relied on competent tax advisers to satisfy his 2019 filing obligations. The Plaintiff followed the instructions and advice provided by TurboTax. Although *Boyle* applies to the advice of traditional tax return preparers, nearly 40 million Americans rely on TurboTax to prepare their tax returns and TurboTax advertises that their tax advisors consist of only licensed CPAs, EAs, and Attorneys as "experts." It is understandable that the average person would trust that the company's tax preparation services, staffed by CPAs, EAs, and Attorneys would be competent tax advisors. Here, TurboTax provided incorrect advice. In response to "Where do I report a cash gift?" TurboTax replies, "If you receive the money, no matter how

much or how little, you don't report anything" and proceeded to give advice on Form 709."

68.    If the tax professionals experts employed by TurboTax have not caught this misstatement, it is reasonable that a foreign individual would not realize this was incorrect advice.

69.    This is a unique situation in which the Plaintiff acted reasonably and in good faith in attempting to comply with the provisions of the Internal Revenue Code in 2019. Since the Plaintiff acted reasonably and in good faith to comply with his 2019 3520 filing requirements, the Section 6039F penalty should not be upheld and the Plaintiff is entitled to a refund of the entire 2019 Section 6039F penalty assessment.

**The IRS's Assessment and Collection of the Section 6039F Penalty is Subject to Judicial Review Under the APA**

70.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

71.    Administrative agencies such as the IRS are created by Congress to carry out certain statutorily defined duties, goals, and functions. A primary purpose of judicial review under the APA is to ensure that agencies do not go beyond their statutory powers in carrying out their tasks. If an agency could freely take actions that were *ultra vires*, that is, beyond its statutory authority, its decisions would

completely undermine the separation of powers principles upon which the Constitution is based. Judicial review under the APA thus serves as an important check on the legality of the action that agencies may undertake. An agency must act within the statutory authority provided by Congress, but that authority must be in accord with the Constitution. 5 U.S.C. Section 706(2)(C) gives courts the power to focus on what agencies actually do and to set aside agency action found to be "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right." In yet other contexts, an agency might act within its statutory authority, but its actions may nevertheless violate a constitutional provision. The APA authorizes this court to hold unlawful or set aside agency action found to be "contrary to constitutional right, power, privilege, or immunity. *See* 5 U.S.C. Section 706(2)(B).

**The IRS's Penalty Assessment Violated the Seventh Amendment**

72.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

73.    The Seventh Amendment protects the right to a jury trial. It provides that '[i] Suites at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.' The Supreme Court has interpreted 'Suits at common

law' to include all actions akin to those brought at common law as those actions were understood at the time of the Seventh Amendment's adoption.

74.   The right is "fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, and should be jealousy guarded by the courts.' *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 53 (1989). The factors determining whether claims are legal in nature include (1) whether the claims resemble common law causes of action, and (2) whether the remedy is the sort that was traditionally obtained in a court of law. *See SEC v. Jarkesy,* 144 S.Ct. at 2129 (2024). In this case, the Section 6039F penalty assessed against the Plaintiff is a penalty equal to 25% of an unreported foreign gift. The Section 6039F penalty is synonymous with common law causes of action for fraud or negligence. The penalty equal to 25% of the purported underpayment of a foreign gift is the type that would traditionally be obtained in an Article III court with the protections of the Seventh Amendment because the penalty is designed to "punish or deter."

75.   The only exception to the right to a jury trial for claims implicating the Seventh Amendment is found in the "public rights" exception. The Supreme Court has recently stated that "matters concerning private rights may not be removed from Article II courts." *See Jarkesy*, 144 S. Ct. at 2132. If a suit is in nature of an action at common law, then the matter presumptively concerns private rights, and adjudication by an Article III court is mandatory." The Section 6039F penalty at

issue in the nature of a common law action concerning private rights, and thus does not implicate the "public rights" exception.

76.    Because the Section 6039F penalty in this case involves a common law claim that does not implicate the public rights exception, the Plaintiff was entitled to a jury trial under the Seventh Amendment before the IRS assessed the Section 6069F penalty. Accordingly, the IRS, which is not an Article III court, cannot provide a right to a jury trial. Thus, the IRS did not have the authority to assess a Section 6039F penalty against the Plaintiff without providing the Plaintiff an opportunity for a right to a jury trial. In this case, the IRS acted as a prosecutor, jury, and judge when it unilaterally found the facts, interpreted the law, and levied the punishment before the Plaintiff ever had a chance to present his case.

77.    The Plaintiff was adversely affected by the IRS's erroneous assessment of the Section 6039F penalty.

78.    The IRS's determination that the Plaintiff was liable for a Section 6039F penalty for the 2019 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

79.    As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of a jury trial under the Seventh Amendment prior to the assessment of the Section 6039F penalty.

80.  Since Defendants' assessment of the Section 6039F penalty violated Plaintiff's Seventh Amendment rights, the Defendant's Section 6039F assessments is not valid.

**The IRS's Penalty Assessment Violated the Fifth Amendment**

81.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as it fully set forth herein.

82.    The Seventh Amendment's jury-trial right does not work alone. It operates together with Article III and the Due Process Clause of the Fifth Amendment to limit how the Government may go about depriving an individual of life, liberty, or property." *See Jarkesy*, 144 S. Ct. at 2140.

83.    The IRS's assessment of the Section 6039F penalty in this case not only violated the Plaintiff's Seventh Amendment rights, the IRS violated the Plaintiff's Fifth Amendment rights.

84.    As a direct and proximate result of the Defendant's actions, Plaintiff has been deprived of due process as guaranteed under the Fifth Amendment of the Constitution.

85.    Since the Defendants' assessment of the Section 6039F penalty violated Plaintiff's Fifth Amendment rights, the Defendant's Section 6039F penalty assessment is not valid.

**The IRS's Penalty Assessment Violated the Eighth Amendment**

86.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

87.    The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The prohibition of excessive fines is commonly referred to as the "Excessive Fines Clause." *See Austin v. United States,* 509 U.S. 602 (1993). The basis of the Excessive Fines Clause is traceable to the Magna Carta. *See United States v. Bajakjian,* 524 U.S. 321, 335-336 (1998). The principle is that the fines should be proportional to the offense.

88.    The IRS's determination that the Plaintiff was liable for the Section 6039F penalty for the 2019 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion. The Section 6039F penalty assessment in this case is not proportional to the offense.

89.    As a direct and proximate result of Defendant's actions. Plaintiff has been deprived of his Eighth Amendment rights against excessive fines.

90.    Since the Defendants' assessment of the Section 6039F penalty violated Plaintiff's Fifth Amendment rights, the Defendant's Section 6039F assessment is not valid.

**CLAIMS FOR RELIEF**

**COUNT 1**

**Claim for Refund**

91.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

92.     The IRS is authorized by Section 6402 of the Internal Revenue Code to refund an overpayment of federal taxes to the person who made the overpayment. Section 7422 of the Internal Revenue Code mandates that no suit for "the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority" shall be maintained in any court until a claim for refund has been filed. Pursuant to Section 6532(a) of the Internal Revenue Code, no suit for the recovery of any internal revenue tax, penalty, or other sum shall begin before the expiration of six months from the date of the filing of the administrative claim for refund, unless the claim is disallowed by the IRS prior to the six month period.

93.     Plaintiff filed Form 843, 'Claim for Refund and Request for Abatement,' for the 2019 tax year. *See* **Exhibit A**, Copy of Plaintiff's 2019 Claim for Refund.

94.     Plaintiff's 2019 Claim for Refund provided Defendants with adequate notice that Plaintiff sought a refund of $126,539.29 in taxes, interest and penalties paid by Plaintiff for the 2019 tax year based on theories that the IRS assessed a

Section 6039F penalty it did not have authority to assess, the Plaintiff has a defense to the Section 6039F penalty based on the fact that he acted with reasonable cause, the IRS violated the Plaintiffs Fifth, Seventh, and Eighth Amendment Constitutional Rights when it assessed the Section 6039F penalty. More than six months have elapsed since the date of the filing of Plaintiff's 2019 Claim for Refund.

**COUNT II**

**Administrative Procedure Act, 5 U.S.C. Section 500 et seq**

**Agency Action Contrary to Law**

95.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

96.     The Seventh Amendment protects the right to a jury trial. It provides that '[i] Suites at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.' The Supreme Court has interpreted 'Suits at common law' to include all actions akin to those brought at common law as those actions were understood at the time of the Seventh Amendment's adoption.

97.     The right is "fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, and should be jealousy

guarded by the courts.' *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 53 (1989). The factors determining whether claims are legal in nature include (1) whether the claims resemble common law causes of action, and (2) whether the remedy is the sort that was traditionally obtained in a court of law. *See SEC v. Jarkesy,* 144 S.Ct. at 2129 (2024). In this case, Section 6038A assessed against the Plaintiff an annual penalty of $10,000. The Section 6038A penalty is synonymous with common law causes of action for fraud or negligence. An annual $10,000 penalty is the type that would traditionally be obtained in an Article III court with the protection of the Seventh Amendment because the penalty is designed to "punish or deter."

98.     The only exception to the right to a jury trial for claims implicating the Seventh Amendment is found in the "public rights" exception. The Supreme Court has recently stated that "matters concerning private rights may not be removed from Article II courts." *See Jarkesy*, 144 S. Ct. at 2132. If a suit is in nature of an action at common law, then the matter presumptively concerns private rights, and adjudication by an Article III court is mandatory." The Section 6039F penalty at issue in the nature of a common law action concerning private rights, and thus does not implicate the "public rights" exception.

99.     Because the Section 6039F penalty in this case involves a common law claim that does not implicate the public rights exception, the Plaintiff was

entitled to a jury trial under the Seventh Amendment before the IRS assessed the Section 6069F penalty. Accordingly, the IRS, which is not an Article III court, cannot provide a right to a jury trial. Thus, the IRS did not have the authority to assess a Section 6038A penalty against the Plaintiff without providing the Plaintiff an opportunity for a right to a jury trial. In this case, the IRS acted as a prosecutor, jury, and judge when it unilaterally found the facts, interpreted the law, and levied the punishment before the Plaintiff ever had a chance to present its case.

100.    The IRS's determination that the Plaintiff was liable for a Section 6039F penalty for the 2019 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

101.    As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of a jury trial under the Seventh Amendment prior to the assessment of the Section 6039F penalty for the 2019 calendar year.

102.    Since the Defendant's assessment of the Section 6039F penalty violated Plaintiff's Seventh and Fifth Amendment rights, the Defendant's Section 6039F assessment is not valid.

**COUNT III**

**Administrative Procedure Act, 5 U.S.C. Section 500 et seq**

**Agency Action Contrary to Law**

103.    Plaintiff realleges and incorporates by reference the foregoing

paragraphs as if fully set forth herein.

104.    The Eighth Amendment lies within the Bill of Rights and takes its roots from the English Bill of Rights of 1689. It was intended as a protection against excessive punishments. The Eighth Amendment includes protections against the imposition of "excessive fines" by the federal government.

105.    In this case, an inadvertent failure to file a Form 3520 resulted in a fine that exceeded $125,000.  The size of the penalty assessed against the Plaintiff by the Defendants is not proportional to the offense.

106.    The IRS's determination that the Plaintiff was liable for a Section 6039F penalty for the 2019 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

107.    As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of his Eighth Amendment rights against excessive fines.

108.    Since the Defendant's assessment of the Section 6039F penalty violated Plaintiff's Eighth and Fifth Amendment rights, the Defendant's Section 6039F assessment is not valid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.      For refund of the $126,539.29 Section 6039F penalty illegally collected by Defendants from Plaintiff for the 2019 tax year;

B.      Declaratory Judgment finding the following: 1) Setting aside the Section 6039F penalty as unlawful under 5 U.S.C. 706 for the 2019 calendar year; 2) Defendants' actions were arbitrary, capricious and an abuse of discretion, or otherwise not in accordance with the law in assessing the Section 6039F against the Plaintiff for the 2019 calendar year; 3) Defendants' did not provide the Plaintiff with a meaningful opportunity to contest the Section 6039F penalty for the 2019 calendar year;

C.      Declaratory Judgment finding that the Defendants violated the Plaintiff's due process as guaranteed under the Fifth Amendment of the Constitution.

D.      Declaratory Judgment finding that the Defendants violated the Plaintiff's Seventh Amendment rights of the Constitution.

E.      Declaratory Judgment finding that the Defendants violated the Plaintiff's Eighth Amendment Constitutional rights.

F.      An award of attorney fees, costs, and other expenses incurred by

Plaintiff to the extent allowed by law; and

G.      Such relief as the Court deems just and proper.


Date: November 11, 2025

Respectfully Submitted,

*/s/ Anthony V. Diosdi*
Anthony V. Diosdi (CA SBN 339070)
Diosdi & Liu, LLP
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Phone:  (415) 318-3990
Fax:  (415) 335-7922
adiosdi@sftaxcounsel.com

*Attorney for Plaintiff*